# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| THEODORIC BARNARD LAWTON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-430-RAW-KEW |
| | ) | |
| JUSTIN JONES, DIRECTOR,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## FOR FAILURE TO EXHAUST STATE REMEDIES

Comes Now the Respondent and in support of his Motion to Dismiss Petition for Writ of Habeas Corpus for failure to exhaust state remedies, files the following brief in support. For the reasons stated herein, Respondent respectfully asks this Court to dismiss the instant Petition pursuant to 28 U.S.C. §2254(b)(1)(A).

## ARGUMENT AND AUTHORITY

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant habeas corpus relief unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); *see also Harrington v. Richter,* 562 U.S. __, 131 S. Ct. 770, 787 (2011) ("Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court."); *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) ("Petitioners generally must exhaust available state court remedies before seeking redress via a federal habeas corpus petition."). The state courts must have an opportunity to pass on the claims

---

[1] Petitioner listed Oklahoma Department of Corrections as the Respondent in his Petition. However, where the applicant is presently in custody pursuant to the State judgment in question, the State officer having custody of the applicant is the properly named respondent. Petitioner is currently incarcerated at the Lawton Correctional Facility, which is a private correctional center. Therefore, the correct party Respondent is Justin Jones, Director of the Oklahoma Department of Corrections.

in light of a full record and where the factual basis for a claim was not presented to the state courts, the claim is unexhausted. *Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982). The Supreme Court, in *Richter*, reemphasized the importance of exhaustion:

> Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions. Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first *attempt* to present his claim in state court. 28 U.S.C. § 2254(b). (emphasis added).

*Id.* 131 S. Ct. at 787.

In accordance with the AEDPA, the Tenth Circuit held in *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002), "in order to exhaust state remedies, a federal habeas petitioner must have fairly presented the substance of his federal claim to the state courts." The exhaustion doctrine requires a petitioner to return to state court to present his claims before proceeding to federal court.

> The exhaustion doctrine requires a state prisoner to fairly present his or her claims to the state courts before a federal court will examine them. Fair presentation of a prisoner's claim to the state courts means that the substance of the claim must be raised there. The prisoner's allegations and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. Therefore, although a habeas petitioner will be allowed to present bits of evidence to a federal court that were not presented to the state court that first considered his claim, evidence that places the claims in a significantly different legal posture must first be presented to the state courts.

*Thomas v. Gibson*, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000) (quoting *Demarest v. Price*, 130 F.3d 992, 932 (10th Cir. 1997)). Petitioner bears the burden of demonstrating that he has fairly presented the substance of his federal claims in state court. *McCormick v. Kline,* 572 F.3d 841, 851 (10th Cir. 2009).

Furthermore, under the AEDPA, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The Tenth Circuit holds, "[t]he state prisoner bears the burden of proving . . . that exhaustion would have been futile." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citing *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981)). To prove exhaustion of claims would be futile, Petitioner must prove either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.*

Finally, under the habeas corpus statutes a writ may not be granted unless the claim is exhausted and Respondent must expressly waive exhaustion. 28 U.S.C. § 2254(b)(1)&(3). Respondent does not waive exhaustion. Petitioner fails to demonstrate that the substance of his claims were presented to the highest state court or that he has no available state avenue of redress. Therefore, the Petition should be dismissed in its entirety to allow Petitioner to exhaust his State court remedies.

Petitioner was found guilty of Count I, Shooting with Intent to Kill After Former Conviction of a Felony; and Count II, Unlawful Possession of a Firearm (Exhibit 1 - Summary Opinion, p. 1). In his direct appeal to the Oklahoma Court of Criminal Appeals, Petitioner raised three propositions of error:

> I. The trial court erred in failing to instruct the jury on the defense of alibi.
>
> II. The Prosecutor's improper second-stage comments require modification of Mr. Lawton's sentence.

> III. Mr. Lawton failed to receive the effective assistance of counsel guaranteed by the Sixth Amendment.

(Exhibit 1 - Summary Opinion, p. 1; Exhibit 2 - Brief of Appellant).

The Oklahoma Court of Criminal Appeals affirmed Petitioner's convictions and sentence (Exhibit 1 - Summary Opinion, p. 3). Petitioner did not file an application for post-conviction relief. In the instant Petition, Petitioner raises one ground for relief, "Misconduct by the jurors denied me equal protection of the law." (Document 1, p. 5).

Petitioner's claim for habeas relief is unexhausted as the highest state court was not afforded an opportunity to review this claim on the merits. Oklahoma law affords an avenue of redress wherein Petitioner may exhaust the instant claim. Under the Post-Conviction Procedure Act, Petitioner may challenge his conviction and raise this claim. *See* Okla. Stat. tit. 22, § 1080. If Petitioner's application for post-conviction relief is denied in the district court, Petitioner may appeal the denial to the Oklahoma Court of Criminal Appeals. *See* Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2008) (provides for an appeal from the issues raised, the record, and findings of fact and conclusions of law made under the Post-Conviction Procedure Act in the district court). Accordingly, an avenue of redress for Petitioner's unexhausted claim is available. As this avenue of redress has not been exercised, Petitioner's claim is unexhausted.

When a habeas court receives a petition containing only unexhausted claims, it has two options. The court may (1) dismiss the petition and allow the petitioner to return to state court to exhaust his claims; or (2) deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies. *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002). This

Court should not deny the Petition on its merits, as the Oklahoma Court of Criminal Appeals should be given an opportunity to address Petitioner's claim. *See McCormick*, 572 F.3d at 851 ("Exhaustion is a doctrine of comity and federalism 'dictat[ing] that state courts must have the first opportunity to decide a [habeas] petitioner's claims'.").

As Petitioner has failed to exhaust his state court remedies, his claim is unexhausted. Accordingly, Respondent respectfully asks this Court to dismiss the Petition in its entirety and allow Petitioner to exhaust his State Court remedies.

Respectfully submitted,

**E. SCOTT PRUITT**
**ATTORNEY GENERAL OF OKLAHOMA**

**/S/ ASHLEY L. LITTLE**
**ASHLEY L. LITTLE, OBA #22210**
**ASSISTANT ATTORNEY GENERAL**

313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 Fax

**ATTORNEYS FOR RESPONDENT**
Service email: fhc.docket@oag.state.ok.us

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jason D. May


/S/ ASHLEY L. LITTLE