# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

THEODORIC BARNARD LAWTON, )
                         Appellant, )
                                  ) NOT FOR PUBLICATION
v.                                  ) Case No. F-2011-330
                                  )
THE STATE OF OKLAHOMA, )
                         Appellee. )

RECEIVED JUN 13 2012 Attorney General

FILED IN COURT OF CRIMINAL APPEALS STATE OF OKLAHOMA
JUN 13 2012
MICHAEL S. RICHIE
CLERK

## SUMMARY OPINION

**A. JOHNSON, PRESIDING JUDGE:**

Appellant Theodoric Barnard Lawton was tried by jury and convicted of Shooting with Intent to Kill, After Former Conviction of a Felony (Count I), in violation of 21 O.S.Supp.2007, § 652(A), and Unlawful Possession of a Firearm (Count II), in violation of 21 O.S.Supp.2007, § 1283(A), in the District Court of Carter County, Case No. CF-2010-113.[1] The jury fixed punishment at forty years imprisonment on Count I and five years imprisonment on Count II. The Honorable Lee Card, who presided at trial, sentenced Lawton according to the recommendation of the jury on Count I and dismissed Count II. From this Judgment and Sentence Lawton appeals, raising the following issues:

(1) whether the jury should have been instructed on the defense of alibi;

(2) whether the prosecutor's comments in second-stage were improper requiring modification of his sentence; and

(3) whether he received the effective assistance of counsel.

---

[1] Lawton must serve 85% of his sentence for Shooting with Intent to Kill before he will be eligible for parole consideration. 21 O.S.Supp.2009, § 13.1.


EXHIBIT 1

We find reversal is not required and affirm the Judgment and Sentence of the District Court.

### 1. Alibi Instruction

The failure to give an alibi instruction is plain error only when the testimony establishes that the defendant could not have been at the scene of the crime when it was committed. *Honeycutt v. State*, 1992 OK CR 36, ¶ 21, 834 P.2d 993, 999. The evidence in this case shows that Lawton was admittedly in the area of the shooting at the time it occurred. Lawton cannot show plain error from the district court's failure to *sua sponte* submit an alibi instruction because the evidence did not show that he was at another place so far away or under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed and thus could not have participated in its commission. *See Trissell v. State*, 1987 OK CR 107, ¶ 5, 737 P.2d 1228, 1229.

### 2. Prosecutorial Misconduct

The prosecutor's remarks about the 85% Rule challenged by Lawton are easily distinguishable from those in *Florez v. State*, 2010 OK CR 21, ¶ 5, 239 P.3d 156, 158 (finding it error for the prosecutor to argue that the defendant would serve only 85% of his sentence and would not serve the full term of years imposed). Here the prosecutor argued that shooting with intent to kill is a serious offense and that is why it is an 85% crime. He gave an example of an 85% calculation and then argued it was up to the jury to fix punishment based

on the facts. He did not argue that Lawton would not serve his full term and the jury was properly instructed on the 85% Rule. Lawton has not shown that the prosecutor's remarks about the 85% Rule amount to plain error in this case. *Mathis v. State*, 2012 OK CR 1, ¶ 24, 271 P.3d 67, 76 (failure to object to prosecutor's remarks limits review to plain error). This claim is denied.

### 3. Ineffective Assistance of Counsel

Lawton's claim of ineffective assistance of counsel is rejected because he can show neither that trial counsel was ineffective for failing to request an alibi instruction nor for failing to object to the prosecutor's remarks about the 85% Rule. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Ball v. State*, 2007 OK CR 42, ¶ 59, 173 P.3d 81, 95; *Head v. State*, 2006 OK CR 44, ¶ 23, 146 P.3d 1141, 1148; *Davis v. State*, 2005 OK CR 21, ¶ 7, 123 P.3d 243, 246.

### DECISION

The Judgment and Sentence of the district court is **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2012), the **MANDATE** is **ORDERED** issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF CARTER COUNTY
THE HONORABLE LEE CARD, ASSOCIATE DISTRICT JUDGE

| APPEARANCES AT TRIAL | APPEARANCES ON APPEAL |
|---|---|
| JASON MAY<br>222 STANLEY STREET SW<br>ARDMORE, OK 73401<br>ATTORNEY FOR DEFENDANT | ROBERT W. JACKSON<br>P. O. BOX 926<br>NORMAN, OK 73070<br>ATTORNEY FOR APPELLANT |
| CRAIG LADD<br>DISTRICT ATTORNEY<br>20 B STREET SW, RM. 202<br>ARDMORE, OK 73401<br>ATTORNEY FOR STATE | E. SCOTT PRUITT<br>OKLAHOMA ATTORNEY GENERAL<br>ASHLEY L. LITTLE<br>ASSISTANT ATTORNEY GENERAL<br>313 N.E. 21ST STREET<br>OKLAHOMA CITY, OK 73105<br>ATTORNEYS FOR APPELLEE |

**OPINION BY: A. JOHNSON, P.J.**
**LEWIS, V.P.J.: Concur**
**LUMPKIN, J.: Concur in Results**
**C. JOHNSON, J.: Concur**
**SMITH, J.: Concur**

RA