# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

THEODORIC B. LAWTON,

    Petitioner,

v.    Case No. CIV 12-430-RAW-KEW

EDWARD EVANS,
DOC Interim Director,

    Respondent.

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, is challenging his conviction in Carter County District Court Case No. 2010-113 for Shooting with Intent to Kill, After Former Conviction of a Felony (Count 1), and Unlawful Possession of a Firearm (Count 2).

Petitioner's sole ground for habeas relief alleges that misconduct by one of the jurors denied him equal protection of the law. The respondent alleges petitioner has failed to exhaust his state court remedies for the claim. Petitioner has not responded to the motion, and his petition offers no explanation for his failure to exhaust.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*,

36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that petitioner presented three grounds for relief in his direct appeal:

(1)  Trial court error in failing to instruct the jury on the defense of alibi.

(2)  Second-stage prosecutorial misconduct requires sentence modification.

(3)  Ineffective assistance of trial counsel.

The Oklahoma Court of Criminal Appeals (OCCA) denied relief, affirming petitioner's Judgment and Sentence. *Lawton v. State*, No. F-2011-330 (Okla. Crim. App. June 13, 2012).

Because the OCCA has not been afforded an opportunity to review petitioner's habeas claim on the merits, it is unexhausted. He could present an application for post-conviction relief in the trial court, pursuant to Okla. Stat. tit. 22, § 1080, and if the trial court denies relief, he could appeal to the OCCA. Petitioner's claim is unexhausted until he completes this process.

When a habeas petition contains only unexhausted claims, the court has two options. *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002). It may dismiss the petition and allow the petitioner to return to state court and exhaust his claims, or it may deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies. *Id.* Here, the court finds the OCCA should be allowed to address petitioner's claim for relief. *See McCormick v. Kline*, 572 F.3d 841, 851 (holding that "[e]xhaustion is a doctrine of comity and federalism 'dictat[ing] that state courts must have the first opportunity to decide a [habeas] petitioner's claims.'") (quoting *Rhines v. Weber*, 544 U.S. 269, 273 (2005)).

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus for failure to exhaust state court remedies [Docket No. 5] is GRANTED, and this action is, in all respects, DISMISSED.

2

**IT IS SO ORDERED** this 17th day of September 2013.

 RONALD A. WHITE
UNITED STATES DISTRICT JUDGE